UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
EXPORT DEVELOPMENT CANADA,  :  Case No. 21-cv-3758
:
Plaintiff,  :  **COMPLAINT**
:
– v. –  :
:
EAST COAST POWER & GAS, LLC,  :
:
Defendant.  :
---------------------------------------------------------------- x

Plaintiff Export Development Canada ("EDC"), for its complaint against defendant East Coast Power & Gas, LLC ("East Coast"), alleges upon personal knowledge with respect to itself and its own acts, and upon information and belief with respect to all other matters, as follows:

## NATURE OF THE ACTION

1. EDC seeks damages against East Coast for breaching an agreement to pay for energy products and services. EDC's claims were assigned to it by non-parties TransAlta Corporation ("TransAlta Canada") and TransAlta Energy Marketing (U.S.) Inc. ("TransAlta U.S.").

2. TransAlta Canada is a Canadian corporation that EDC insured against nonpayment for debts owed by East Coast (the defendant) to TransAlta U.S., which is TransAlta Canada's American subsidiary.

3. EDC made an insurance payment to TransAlta Canada for the debt East Coast owed to TransAlta U.S. In exchange, TransAlta U.S.'s claims against East Coast were assigned to EDC.

## THE PARTIES

4. EDC is a Canadian Crown corporation formed by the Canadian Export

1

Development Act of 1985. Its worldwide headquarters are in Ottawa, Canada.

5. Non-party TransAlta Canada is a Canadian corporation headquartered in Calgary, Alberta.

6. Non-party TransAlta U.S. is a Delaware corporation headquartered in Olympia, Washington.

7. East Coast is a New York limited liability company headquartered in Bronx County, New York.

## JURISDICTION AND VENUE

8. The Court has jurisdiction of this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists.

9. Jurisdiction over East Coast is proper because it is a New York limited liability company with its principal place of business in Bronx County, New York.

10. East Coast's members are John Knief, Anthony Milanese, and Vincent Palmieri.

11. John Knief is a New York resident who lives in Merrick, New York.

12. Anthony Milanese is a New York resident who lives in Manhattan, New York.

13. Vincent Palmieri is a New Jersey resident who lives in Cliffside Park, New Jersey.

14. East Coast waived any objection to personal jurisdiction in the International Swap Dealers Association 2002 Master Agreement and Credit Support Annex (the "Master Agreement") it signed with TransAlta U.S.

15. Venue is proper because the parties agreed to venue in this district in the Master Agreement and because East Coast resides in this district and a substantial part of the events

2

giving rise to EDC's claims occurred in this district.

## FACTUAL ALLEGATIONS

16. East Coast is an energy services company providing electricity and natural gas to residential and commercial clients in New York, New Jersey and Delaware.

17. Non-party TransAlta U.S. is a wholesale energy supplier that sold physical power and financially settled derivatives to East Coast.

18. On April 20, 2017, TransAlta U.S. and East Coast executed the Master Agreement.

19. On June 19, 2017, TransAlta U.S. and East Coast executed the First Amendment to the Master Agreement (the "First Amendment").

20. The Master Agreement and the First Amendment are collectively referred to as the "ISDA Agreement." A true and correct copy of the ISDA Agreement is attached as **Exhibit A**.

21. Between February and March 2020, TransAlta U.S. provided physical and financial deliveries with a price of $6,071,966.28 to East Coast (the "Deliveries").

22. The Deliveries were provided under the terms of physical power confirmations and power swap confirmations (the "Confirmations"). True and correct copies of the Confirmations are attached as **Exhibit B**.

23. Payments for the Deliveries were due on various dates between March and April 2020. True and correct copies of the invoices for the Deliveries (the "Invoices") are attached as **Exhibit C**.

24. The Deliveries were provided to East Coast by TransAlta U.S. in accordance with the ISDA Agreement.

25. East Coast accepted the Deliveries from TransAlta U.S.

26. No one at East Coast ever notified TransAlta U.S. that the Deliveries didn't comply with the ISDA Agreement.

27. TransAlta U.S. sent the Invoices to East Coast.

28. No one at East Coast ever objected to any of the Invoices in writing before this case was filed.

29. No one at East Coast ever objected to any of the Invoices verbally before this case was filed.

30. East Coast owes EDC, as the assignee of TransAlta U.S., $6,071,966.28 for the Deliveries.

31. In a letter dated April 2, 2020, TransAlta U.S. gave East Coast notice of an event of default by East Coast for failure to pay the Invoices.

32. East Coast received this notice on or about April 7, 2020.

33. After receiving the April 2, 2020, letter, East Coast did not remedy its default within the one business day cure period required by the ISDA Agreement.

34. In a letter dated April 9, 2020, TransAlta U.S. gave East Coast notice that the ISDA Agreement was terminated (the "Termination Notice"). A true and correct copy of the Termination Notice is attached as **Exhibit D**.

35. East Coast received the Termination Notice on or about April 14, 2020.

36. TransAlta U.S. designated the termination date as April 15, 2020 (the "Early Termination Date").

37. In a letter dated April 16, 2020, TransAlta U.S. provided East Coast a written statement calculating the amount owed as a result of East Coast's default under the ISDA

Agreement (the "Termination Statement"). A true and correct copy of the Termination Statement is attached as **Exhibit E**.

38. In total, East Coast owes EDC $10,745,879.28 (the "Early Termination Amount").

39. The Early Termination Amount is comprised of $6,071,966.28 for the Deliveries and $4,673,913.00 for transactions that TransAlta U.S. properly terminated due to East Coast's failure to pay for the Deliveries.

40. EDC seeks pre-judgment and post-judgment interest of 9% per annum under the ISDA Agreement, compounding daily, which is at least $1,081, 229.89 on April 28, 2021.

41. EDC also seeks its attorneys' fees under the terms of the ISDA Agreement.

42. All conditions precedent to EDC's claims have occurred, been performed, been waived, or otherwise been excused.

## COUNT ONE

### (Breach of Contract)

43. EDC repeats the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

44. TransAlta U.S. entered into the ISDA Agreement with East Coast.

45. TransAlta U.S. fully performed its obligations concerning the Deliveries.

46. Under the ISDA Agreement, East Coast materially breached its contractual obligations to TransAlta U.S. by failing to pay for the Deliveries.

47. Under the ISDA Agreement, East Coast is also liable for terminated transactions in the amount of $4,673,913.00 due to East Coast's breach.

48. TransAlta U.S.'s claims against East Coast were assigned to EDC.

49. EDC is entitled to damages against East Coast in an amount to be determined at trial but in no event less than $10,745,879.28, pre-judgment and post-judgment interest of 9% per annum compounding daily, and its attorneys' fees and expenses.

## COUNT TWO

### (Account Stated)

50. EDC repeats the allegations in the preceding paragraphs of the Complaint as if fully set forth herein.

51. TransAlta U.S. presented the Termination Statement to East Coast setting forth the balance owed to TransAlta U.S. as a result of East Coast's default under the ISDA Agreement.

52. East Coast retained the Termination Statement without objection.

53. East Coast impliedly acknowledged the correctness of the balance owed for the Invoices and the terminated transactions.

54. Prior to the commencement of this action, TransAlta U.S.'s claims against East Coast were assigned to EDC.

55. EDC is entitled to damages against East Coast in an amount to be determined at trial but in no event less than $10,745,879.28, pre-judgment and post-judgment interest of 9% per annum compounding daily, and its attorneys' fees and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, EDC prays for a judgment against East Coast as follows:

A. For damages in an amount to be determined at trial but expected to exceed $10,745,879.28;

B. For pre- and post-judgment interest of 9% per annum, compounding daily;

C.       For EDC's attorneys' fees and expenses; and

D.       For such other and further relief as this Court may deem just and proper.

Dated:   April 28, 2021                          Respectfully submitted,

 /s/ David M. Mannion
David M. Mannion
BLAKELEY LLP
80 Broad Street, 5th Floor
Office 617-01
New York, New York 10004
Telephone: (212) 837-7817

Scott E. Blakeley (*pro hac vice* forthcoming)
Sean J. Lowe (*pro hac vice* forthcoming)
BLAKELEY LLP
18500 Von Karman Ave., 5th Floor
Irvine, California 92612
Telephone: (949) 260-0611

*Attorneys for Plaintiff*
*Export Development Canada*