UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/12/2024
```

----------------------------------------------------------X

EXPORT DEVELOPMENT CANADA          :
                                   :         21-CV-3758 (NRB) (RWL)
                  Plaintiff,       :
                                   :
      - against -                  :
                                   :                **ORDER**
EAST COAST POWER & GAS, LLC,       :
                                   :
                  Defendants.      :
----------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

This order addresses the motion of Plaintiff Export Development Canada ("EDC") to compel Defendant East Coast Power & Gas, LLC ("East Coast") to produce a document over which East Coast claims attorney-client privilege and work product protection (the "Document"). East Coast identified the Document on its privilege log (belatedly so, according to EDC) as a "Draft Attorney Memorandum For Legal Analysis."[1] The Document is marked as a draft on its face and the cover page bears markings for "Attorney Client Privilege," "Attorney Work Product," "Prepared At The Request Of Counsel, "Prepared In Anticipation Of Litigation." The Court has reviewed the Document in camera. The Court also has reviewed the parties' briefing and exhibits (Dkts. 93, 94, 95), the parties' correspondence on the matter, and the Declaration of Michael Kowal, Esq. – corporate in-house Counsel for East Coast – submitted at the direction of the Court in support of East Coast's claims of privilege and work product protection (Dkt. 89). The

---

[1] For the reasons below, East Coast's description of the Document on its privilege log is misleading or, at the very least, obscures the true nature of the document. Nor does it give any substantive indication of the general subject matter addressed, and thus fails to comply with the requirements for information that must be included on a privilege log. *See* Local Rule 26.2(a)(2)(A).

exhibits include a discovery order from a state-court case between East Coast and another one of its creditors in which the Special Master overseeing discovery found that the Document was not protected by attorney-client privilege or work product protection. (Dkt. 81-1.)

EDC asserts ten reasons why it believes the Document should be produced. While not all of EDC's arguments have merit, there are at least some that do and compel the conclusion that the Document should be produced. First, the Document is purely a business analysis of the reasons for the financial collapse of East Coast that was prepared based on the forensic investigation of non-lawyers Jay Corn and Rachel Baier. In response to an interrogatory asking East Coast to identify all persons involved in the forensic investigation, East Coast identified solely Corn and Baier. East Coast did not identify Kowal. That answer, which has not been supplemented, is at odds with Kowal's assertion that the investigation was "an investigation by me."

Second, the Document contains no legal advice, discussion, or analysis; it is purely a financial, business analysis for the stated purpose of winding down East Coast. For instance, while the Document describes certain risks, those risks are financial ones, not legal ones. As the Special Master observed, the Document "does not reflect communications of a legal nature between an attorney or his agents and [East Coast]. Nor does the document indicate it was made principally to assist in obtaining or providing legal advice for East Coast." (Dkt. 81-1 at 3.)

Third, East Coast has not established that the Document is protected attorney work-product. Kowal asserts that the Document includes his "factual analysis of accounting documents" prepared "for the purpose of my ascertaining [East Coast]'s

current and potential future legal exposure to creditor claims against East Coast." (Dkt. 89 ¶ 16.)  Again, however, the Document contains no legal analysis, no allusion to any looming legal case, or any other indicia of preparation in anticipation of litigation.

Rather, the purpose of the investigation, and its results, were disclosed by East Coast in its counterclaim alleging fraud by its former Chief Executive Officer, who brought the litigation in which the counterclaim was filed.  (Dkt. 26-1.)  As the publicly filed counterclaim asserts (and sets forth in detail), "[i]n or about early 2020, [East Coast] discovered that [East Coast] was experiencing severe financial issues.  As a result of these financial issues, [East Coast] began a forensic investigation into why [East Coast] … was suddenly short on cash and losing money. … [T]he investigation spearheaded by [East Coast] … has … revealed that … [East Coast's former CEO] engaged in an extensive course of … misconduct, and making material misstatements of fact, material omissions of fact, and/or material concealments of fact."  (Dkt. 26-1 ¶¶ 38-40.)  In other words, as the Special Master Found, "the [Document] does not reflect attorney work product.  And to the extent the [Document] is claimed to have been prepared in anticipation of litigation, that litigation necessarily refers to the civil action commenced by [East Coast]'s former CEO … in federal court" (Dkt. 81-1 at 4), not potential litigation with creditors.

East Coast repeatedly relies on the New York Court of Appeals decision in *Appellate Advocates v. New York Department Of Corrections And Community Supervision*, 40 N.Y.3d 547 (2023).  There, the Court found protected by attorney-client privilege documents providing "counsel's legal analysis and advice on the statutory, regulatory, and decisional law that [the client] should consider during their decision-

making process." *Id*. at 593.  That legal analysis and advice is precisely what the Document in the instant case is devoid of.  *Appellate Advocates* is thus inapt.

As the Special Master succinctly put it, "East Coast cannot rely on any of the above referenced privileges to shield the [Document] from disclosure."  (Dkt. 81-1 at 4.)  To be sure, the Special Master did not have the Kowal Declaration before it.  But the Kowal Declaration does nothing to merit a different conclusion.

Finally, the handwritten comments on the Document shall not be redacted for principally the same reasons.

To the extent not discussed above, the parties' arguments are either meritless or moot.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: June 12, 2024
       New York, New York

Copies transmitted this date to all counsel of record.

4