UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EXPORT DEVELOPMENT CANADA   :
               :   21-CV-3758 (NRB) (RWL)
      Plaintiff,   :
               :
 - against -      :
               :      **ORDER**
EAST COAST POWER & GAS, LLC,  :
               :
      Defendants.  :

------------------------------------------------------------X

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

   Plaintiff Export Development Canada ("EDC") has moved at Dkt. 102 for recovery of monetary sanctions pursuant to Fed. R. Civ. P. 37 against Defendant East Coast Power & Gas, LLC ("EDC") in connection with having successfully compelled production of the document referred to as the Kowal Report that East Coast improperly misidentified on East Coast's privilege log and withheld as privileged. Fed. R. Civ P. 37(a)(5)(A) provides that payment of such fees and expenses "must" be imposed. At the same time, a court must not require payment if (1) the moving party failed to meet and confer before moving to compel; (2) the opposing party's nondisclosure, response, or objection was substantially justified; or (3) other circumstances make an award of expenses unjust. Id.

   East Coast's response at Dkt. 103 fails to demonstrate that any of those three criteria apply. *See Wager v. G4S Secure Integration, LLC*, 2021 WL 293076, at *3 (S.D.N.Y. Jan. 28, 2021) ("the burden of persuasion [is] on the losing party to avoid assessment of ... fees"). Instead, much of East Coast's response is taken up by irrelevant and non-responsive subject matter. The response does not even attempt to justify the positions East Coast took with respect to the Kowal Report. Nor does it identify any other circumstances that make an award of expenses unjust. The fact that East Coast is a

judgment debtor purportedly with no assets and just one full-time and two part-time employees does not make unjust an award of expenses for unjustifiable conduct with respect to the Kowal Report.  And, while the response accuses Plaintiff of not meeting and conferring, it does so only in conclusory fashion and, in any event, is belied by the record and the repeated efforts Plaintiff had to make to obtain the Kowal Report.  East Coast's lead argument in opposition is that EDC was not "prejudiced" by the fifteen-month delay in production of the Kowal Report.  That is neither correct nor apt.  *See Hedgeye Risk Management, LLC v. Dale*, 2023 WL 4760581, at *4 (S.D.N.Y. July 26, 2023) (noting that prejudice is not necessary to support sanctions under Rule 37 and recognizing, in any event, that prejudice is inherent in the moving party's having "spent unnecessary legal fees chasing down information that should have been forthcoming").

East Coast recites the Court's findings of fact requiring production of the Kowal Report (Dkt. 97) as demonstrating EDC's motion for payment of fees and expenses to be "a work of fiction."  (Dkt. 103 at 2.)  To the contrary, it is East Coast's fictional characterization of and stance with respect to the Kowal Report that demonstrates why fees and expenses are warranted.  Accordingly, EDC's motion for fees and expenses is granted, insofar as EDC may recover fees and expenses associated specifically with compelling production of the Kowal Report (not all issues associated with deficiencies in East Coast's privilege log).

Within 14 days of entry of this order, Plaintiff shall file a brief of no more than 5 pages, and, in addition, a declaration with time records, in support of the extent and amount of fees and expenses sought.  Defendant shall file any response within 14 days after service of Plaintiff's supporting papers.

The Clerk of Court is directed to terminate the letter motion at Dkt. 101 and 102.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: July 8, 2024
        New York, New York

Copies transmitted this date to all counsel of record.